JEFFREY WINCHESTER (Nevada Bar No. 10279)
E: JWinchester@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Ste 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOURDES RAYA, an individual; | Case No.:  2:25-cv-00254-CDS-EJY |
| Plaintiff, | |
| vs. | **UNOPPOSED AMENDED REQUEST AND ORDER FOR INSURANCE ADJUSTER TO APPEAR REMOTELY FOR ENE** |
| MANAGED BUSINESS SERVICES, INC., a Nevada Corporation, | |
| Defendants. | |

Defendant, Managed Business Services, Inc., by and through its counsel of record, and pursuant to Judge United States Magistrate Judge Maximiliano D. Couvillier III's Minute Order in Chambers (Doc. No. 17) hereby respectfully submits this Unopposed request and Order  for Insurance Adjuster  to Appear Remotely for the ENE (the "Joint Stipulation"), scheduled in this matter for July 30, 2025.

## **BACKGROUND**

On Thursday, July 3, 2025, this Court entered an Order Setting Mediation  (ECF No. 15), setting an Early Neutral Evaluation ("ENE") in this matter for  July 30, 2025. The Order addresses participation of individuals that are required to attend the ENE as follows:

> All principal counsel of record who will be participating in the trial and who have full authority to settle this case, all parties appearing pro se, if any, and all individual parties must be present. In the case of non-individual parties, counsel of record shall arrange for an officer or representative with binding authority to settle this matter up to the full

amount of the claim or most recent demand to be present for the duration of the mediation. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim or most recent demand must also be present for the duration of the mediation. This representative must be the adjuster primarily responsible for the claim or an officer with supervisory authority over that adjustor. Third party administrators do not qualify. Counsel of record, individual parties, and a fully authorized representative must attend the mediation unless the Court enters an order granting a request for exception. Any party that needs to appear remotely may file and serve a motion or stipulation requesting remote appearance no later than three (3) weeks prior to the mediation and must show good cause for remote appearance. Any oppositions to a motion requesting remote appearance shall be filed within one (1) week after the motion is filed and served. Untimely motions or stipulations will not be considered absent extraordinary circumstances and a showing of excusable neglect.

(ECF No. 15 at 1:19-2:9.)   The Fourth of July holiday commenced the next day, Friday, July 4th, through Sunday, Jul 6th.

In order to comply with the provision in the ENE order setting forth that "[a]ny party that needs to appear remotely may file and serve a motion or stipulation requesting remote appearance no later than three (3) weeks prior to the mediation," the Parties had until July 9th, 2025, less than one week after the ENE Order (ECF No. 15) issued, to timely file such motion or stipulation.  Counsel  for Defendant noted the dates set forth in the Mediation Order for the ENE Statement dues date and the ENE itself, and instructed his Legal Assistant to calendar those dates. (Declaration of Jeffrey D. Winchester ("Winchester Dec.") (attached hereto at Exhibit A) (at ¶ 4.)  This is counsel for Defendant's first experience with an ENE with Magistrate Judge Couvillier. (Winchester Dec. ¶ 3.)  Counsel for Defendant did not calendar the due date for Motions or Stipulations seeking permission for key attendees to attend the ENE remotely. (Winchester Dec. ¶ 4.)

The following two weeks, due to the press of other business, counsel for the Defendant was unable to  turn his attention to the Order Setting Mediation  until Friday,  July 18th.[1]

---

[1] Other business during that time period included, but was not limited to, (i) preparing for and conducting  the deposition of the plaintiff in a wage and hour mater; (ii) preparing for attending an all-day ENE session in another matter; (iii) responding to discovery requests in a class/collective wage and hour action; (iv) preparing for and attending an in-person inspection of electronic equipment allegedly damaged during construction of a

(Winchester Dec. ¶ 5.)  On that date, lead counsel for Defendant contacted the insurance adjuster, Cynthia Hobson,  to discuss the ENE statement that he was preparing, the upcoming July 30th ENE and to discuss plans for her travel to Las Vegas to attend the ENE.  (Winchester Dec. ¶ 6.)  During their conversation,  Ms. Hobson indicated that travel to Las Vegas to attend the ENE in person would be extremely burdensome, given that she lives and works in New Jersey, has custodial care of her 16-year-old daughter, who is on summer break, and that no other adjusters would be available to appear in person due to a long-scheduled all-company meeting in New Jersey the week of July 28th.  (Winchester Dec. ¶ 7.)  Moreover, Ms. Hobson is the adjuster with the most detailed knowledge of the facts and claims of this case, making her the best person to attend the ENE.   (Winchester Dec. at ¶ 8.)  This is the first time counsel for Defendant became aware of the significant burden travelling to Las Vegas from New Jersey would be on Ms. Hobson.[2] (Winchester Dec. ¶ 11.)

Upon learning this, Counsel for Defendant pulled up the order Setting Mediation to determine the requirements for seeking permission for a key individual to appear at the ENE remotely. . (Winchester Dec. ¶ 12)   Now aware that the deadline to file a Motion or Stipulation seeking to excuse Ms. Hobson had passed and would be untimely, counsel for Defendant immediately called Judge Couvillier's chambers to seek procedural guidance, and left a voicemail.  (Winchester Dec. at ¶ 13.)  On Monday, July 21st, counsel for Defendant connected with Judge Couvillier's Courtroom Administrator, and let her know that he was aware that any motion would be  untimely, but inquired about possibly filing a stipulation. (Winchester Dec. at

---

public building; and others. This does not include counsel's daily advice and counsel matters.

[2] There is a possibility that Ms. Hobson's flight out of Newark might be cancelled. Yesterday, a total of 167 flights at Newark's Liberty International Airport were cancelled.  *See* https://www.flightaware.com/live/cancelled/yesterday/KEWR

Newark has approximately 630  departures per day, making yesterday's cancellation rate roughly 26%, or one-in-four.  https://us.trip.com/flights/airport-ewr/

¶ 14.) The Judge's Administrator simply advised counsel to go ahead file the Stipulation.[3] (Winchester Dec. at ¶ 14.)

Counsel for Defendant then reached out to Plaintiff's counsel, and by July 23rd had obtained Plaintiff's counsel's agreement to stipulate to Ms. Hobson's appearance at the ENE remotely. On July 23rd, counsel for Defendant emailed Defendant's ENE statement to the Judge's Chambers, as directed in the Order Setting Mediation. (Doc. No. 15.)  On July 24th, counsel for Defendant filed the Joint Stipulation and Order  for Insurance Adjuster  to Appear Remotely for the ENE. (Doc. No. 16.)   Judge Couvillier denied the Stipulation, without prejudice, on Monday, July 28th, 2025. (Doc. No. 17.)  In his Minute order in Chambers, the Judge gave leave to the Parties to "file an amended stipulation by 9 am, July 29, 2025, showing excusable neglect for failing to timely comply with the Court's 7/3/25 Order." Counsel for Defendant has obtained Plaintiff's counsel's representation that Plaintiff does not oppose this request. (Winchester Dec. at ¶ 19.)

### Defense Counsel's Excusable Neglect

Defense counsel's neglect in not filing a timely motion or stipulation for the insurance adjuster to appear remotely by July 9th was excusable. To establish excusable neglect in Nevada, the moving party must establish "the absence of intent to delay the proceedings;  a lack of knowledge of procedural requirements; and good faith." *See Yocum v. Davis*, 98 Nev. 484, 486, (Nev. 1982) (*cited with approval by Mosley v. Eighth Judicial Dist. Court of Nev.*, 124 Nev, 654, 665 (Nev. 2008)).

A.    **There was no intent to delay the proceedings**.

The Order Scheduling Mediation  (Doc. No. 15) issued on Thursday, July 3rd,  just ahead of a long national holiday weekend.  When counsel returned from the long holiday weekend, the

---

[3] The Courtroom Administrator made no representations as to whether the Stipulation would be viewed with approval or granted by the Judge.

press of other matters kept him engaged well past the July 9th deadline to seek the Court's permission for the insurance adjuster to appear remotely.  Once counsel learned that the insurance adjuster assigned to this matter would experience very significant hardship if she were required to travel to Las Vegas, counsel immediately went into action trying to find a solution. As soon as he had a clear path to next steps, he took them, drafted the Stipulation, obtained Plaintiff's counsel's agreement to the Stipulation, and got the Stipulation on file. There was no intent on counsel's part to delay the proceedings.

B.     **Counsel for the Defendant was unaware that the July 9th deadline to file a motion or stipulation to excuse the insurance adjuster had passed.**

As explained above, this is counsel for Defendant's first ENE Mediation experience with Judge Couvillier, and counsel had not internally scheduled the deadline (July 9th) to file a motion or stipulation to excuse a key attendee from the in-person proceedings. It was not until counsel met telephonically with Ms. Hobson on July 18th that he became aware of the extreme hardship it would impose upon Ms. Hobson to appear in person for the ENE.  It was counsel's lack of knowledge of Judge Couvillier's ENE Mediation procedures that led to this unfortunate situation.

C.     **Counsel for Defendant has acted in good faith.**

Immediately upon learning of the issue and the passed deadline to file a motion or stipulation, counsel for Defendant moved quickly to obtain Plaintiff's counsel's agreement to the Stipulation (which was graciously and professionally given) and to seek the Court's approval. It was counsel for Plaintiff's assumptions that (i) Ms. Hobson would be able to appear in person, and (ii) that the Judge would grant the request to allow her to appear remotely in light of Plaintiff's counsel's agreement, that has led us here. Counsel for Plaintiff wants nothing more than to comply with Judge Couvillier's Order (Doc. No. 15), and counsel for Defendant regrets

1  making the assumptions that have resulted in this situation.  These are errors that counsel humbly

2  vows never to repeat.

3  **CONCLUSION**

4  Counsel humbly requests that the Court grant this Unopposed Request  and allow the

5  insurance adjuster to appear remotely for this Wednesday's ENE session. In the alternative,

6  counsel requests that the ENE be rescheduled for a mutually-agreeable date to allow for Ms.

7  Hobson to schedule her flight to Las Vegas.

8  Dated this 28th day of July, 2025

9

10  O'HAGAN MEYER

11

12  By      */s/ Jeffrey Winchester*

13  JEFFREY WINCHESTER
   Nevada Bar No. 10279
14  300 S. 4th Street, Suite 1250
   Las Vegas, NV 89101
15

16  *Attorneys for Defendants*

17

18  IT IS SO ORDERED: Defendants'
   counsel shall arrange for and
19  coordinate the remote appearance of
   Cynthia Hobson at the ENE.

20  United States Magistrate Judge
   Maximiliano D. Couvillier III
21

22

23  Dated:  7/29/25

24

25

26

27

28

6

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 28th day of July, 2025, I electronically filed and served the foregoing **UNOPPOSED AMENDED REQUEST AND ORDER FOR INSURANCE ADJUSTER TO APPEAR REMOTELY FOR ENE** with the Clerk of the Court through Case Management/Electronic Filing System and Electronic Mail as follows:

Jemma E. Dunn, Esq.
Matthew E. Hale, Esq
Michael A. Burnette, Esq
**GREENBERG GROSS LLP, LTD.**
1980 Festival Plaza Drive, Suite 730
Las Vegas, NV 89135
E: Jdunn@GGTriallaw.com
    MHale@GGTriallaw.com
    MBurnette@GGTriallaw.com

*Attorneys for Plaintiff*

By:                          */s/ Krystle Platero*
                             An Employee of
                             O'HAGAN MEYER PLLC

UNITED STATES DISCTICT COURT

DISTRICT OF NEVADA

LOURDES RAYA, an individual;

Plaintiff,

vs.

MANAGED BUSINESS SERVICES, INC., a
Nevada Corporation,

Defendants.

Case No.:   2:25-cv-00432-RFB-EJY

**DECLARATION OF JEFFREY
WINCHESTER IN SUPPORT OF
DEFENDANT MANAGED BUSINESS
SERVICES, INC.'S  UNOPPOSED
REQUEST AND  ORDER FOR
INSURANCE ADJUSTER TO APPEAR
REMOTELY FOR ENE**

1. My name is Jeffrey Winchester. I am one of the attorneys representing the Defendant Managed Business Services in the above-captioned matter.

2. I am over the age of 18 and am competent to testify as to the following matters.

3. This is my first experience with an ENE with Magistrate Judge Couvillier.

4. When I received the Order Setting Mediation in this matter, on July 3rd, 2025, I noted the dates set forth in the Order for the ENE Statement due date and the ENE itself, and instructed my Legal Assistant to calendar those dates. I did not calendar the due date for Motions or Stipulations seeking permission for key attendees to attend the ENE remotely

5. From July 7th to July 17th, 2025, the press of other matters kept my attention focused on those matters, and not the July 30th ENE session.

6. On July 18th, I contacted the insurance adjuster, Cynthia Hobson,  to discuss the ENE statement that I was preparing, the upcoming July 30th ENE, and to discuss plans for her travel to Las Vegas to attend the ENE.

7. During our conversation,  Ms. Hobson indicated to me that travel to Las Vegas to attend the ENE in person would be extremely burdensome, given that she lives and works in New Jersey, has custodial care of her 16-year-old daughter, who is on

1

summer break, and that no other adjusters would be available to appear in person due to a long-scheduled all-company meeting in New Jersey the week of July 28th.

8. Moreover, Ms. Hobson is the adjuster with the most detailed knowledge of the facts and claims of this case, making her the best person to attend the ENE.

9. There are no other adjusters who could appear instead of Ms. Hobbs, due to a long-scheduled company gathering this week in New Jersey.

10. Ms. Hobbs has extensive knowledge of the facts and claims in this matter.

11. This is the first time I became aware of the significant burden travelling to Las Vegas from New Jersey would be on Ms. Hobson.

12. Upon learning this, I pulled up the Order Setting Mediation to determine the requirements for seeking permission for a key individual to appear at the ENE remotely. I became aware that the deadline to file a Motion or Stipulation seeking to excuse Ms. Hobson had passed after Jul 9th, 2025.

13. I immediately called Judge Couvillier's chambers to seek procedural guidance, and left a voicemail.

14. On Monday, July 21st, I connected with Judge Couvillier's Courtroom Administrator, and let her know that he was aware that any motion would be untimely, but inquired about possibly filing a stipulation. The Judge's Administrator simply advised me to go ahead file the Stipulation.

15. I then reached out to Plaintiff's counsel, and by July 23rd had obtained Plaintiff's counsel's agreement to stipulate to Ms. Hobson's appearance at the ENE remotely.

16. The delay in filing the Stipulation was due to my not being aware of the deadline (July 9th) for filing said Stipulation.

17. The present document is not being filed for the purpose of delay.

18. The present document is being filed in good faith.

19. I have shared a copy of the Request with counsel for Plaintiff, Michael A. Burnette.

Mr. Burnette informed me that counsel for Plaintiff remain in agreement to the

adjuster appearing at the ENE remotely, and that they do not oppose this Request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28th, 2025

By:    /s/Jeffrey D. Winchester
       Jeffrey Winchester